**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 22, 2013

LETTER TO COUNSEL:

      RE:    *Karen Livingston v. Commissioner, Social Security Administration*;
                Civil No. SAG-10-2996

Dear Counsel:

      On October 25, 2010, the Plaintiff, Karen Livingston, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 17, 21). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

      Ms. Livingston filed her claim on September 30, 2008, alleging disability beginning on October 1, 2007. (Tr. 84-91). Her claim was denied initially on January 5, 2009, and on reconsideration. (Tr. 60-67, 71-74). A hearing was held on January 12, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 25-55). Following the hearing, on April 20, 2010, the ALJ determined that Ms. Livingston was not disabled during the relevant time frame. (Tr. 7-24). The Appeals Council denied Ms. Livingston's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Ms. Livingston suffered from the severe impairments of bipolar disorder, obsessive compulsive disorder, and borderline personality disorder. (Tr. 12). Despite these impairments, the ALJ determined that Ms. Livingston retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following non-exertional limitations: she would be limited to simple, unskilled work due to her mental impairments.

(Tr. 16). The ALJ did not hear testimony from a vocational examiner ("VE"), but determined that, under the Medical-Vocational Guidelines, Ms. Livingston could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 20).

      Ms. Livingston raises six arguments appeal: that the ALJ did not perform a "function-

*Karen Livingston v. Commissioner, Social Security Administration*
Civil No. SAG-10-2996
February 22, 2013
Page 2

by-function" analysis; that the ALJ's opinion lacked a sufficient medical basis; that the ALJ did not adequately consider her mental impairments; that the ALJ failed to incorporate limitations found by the state agency physicians in her RFC; that the ALJ failed to consider the entire opinion of Dr. Kaplan; and that the ALJ erroneously relied on the Medical-Vocational Guidelines at step five. Each argument lacks merit.

First, Ms. Livingston argues that, in determining her RFC, the ALJ failed to provide a function-by-function assessment of her ability to do work-related activities. SSR 96–8p, 1996 WL 374184, at *3 (July 2, 1996). The RFC assessment must be based on all relevant evidence in the record and must address both the remaining exertional and non-exertional capacities of the individual. *Id.* at *3, *5–6. The ALJ's evaluation must also include a narrative discussion describing how medical and non-medical evidence support the ALJ's conclusion. *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 271 (D. Md. 2003); *see also Knox v. Astrue*, 327 Fed. Appx. 652, 657 (7th Cir. 2009) ("[T]he expression of a claimant's RFC need not be articulated function-by-function; a narrative discussion of a claimant's symptoms and medical source opinions is sufficient.") (citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005)). The ALJ's opinion in this case complied with that procedure. Moreover, in making her boilerplate argument regarding the alleged lack of a "function-by-function" assessment, Ms. Livingston does not cite any particular "functions" that she alleges were inadequately addressed by the ALJ. I therefore find no basis for remand.

Second, Ms. Livingston asserts that the ALJ "rejected" the opinions of all of the medical sources, and therefore that the resulting RFC is "without medical basis." Pl. Mot. 6. In fact, however, the ALJ assigned "some weight" to the opinions of Dr. Anderson and the state agency physicians, and "little weight" to the opinion of Dr. Kaplan, which is not the same as "no weight" or outright rejection. (Tr. 18-19). Moreover, an ALJ need not parrot a single medical opinion, or even assign "great weight" to any opinions, in determining an RFC. Instead, an ALJ is required to consider "all of the relevant medical and other evidence." *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also Felton-Miller v. Astrue*, 459 Fed. Appx. 226, 230-31 (4th Cir. 2011) (determining that an ALJ need not obtain an expert medical opinion as to an RFC, but should base an RFC on all available evidence). In this case, the ALJ provided an extensive narrative including summaries of the treatment records, Ms. Livingston's subjective complaints, and the various medical opinions. (Tr. 16-19). The ALJ properly based his RFC on all of the evidence of record, and his narrative discussion sufficed to allow review of his conclusions and the supporting evidence.

Third, Ms. Livingston submits that the ALJ was required to perform a more detailed assessment to determine her mental RFC at step four than had been performed in considering the Listings at step three. She suggests that, because the ALJ's ultimate conclusion that she was capable of "simple, unskilled work" was not detailed, the ALJ failed to conduct a detailed assessment. However, the ultimate conclusion itself need not contain detail, as long as the supporting analysis is sufficient to justify the conclusion reached. The ALJ's extensive narrative discussion sufficed to provide the required level of detail supporting the conclusion that Ms. Livingston was capable of "simple, unskilled work." (Tr. 16-19).

*Karen Livingston v. Commissioner, Social Security Administration*
Civil No. SAG-10-2996
February 22, 2013
Page 3

Fourth, Ms. Livingston contends that the ALJ failed to incorporate all of the limitations found by the state agency physicians into her RFC.  Ms. Livingston is correct that the state agency physicians checked multiple "moderate limitations" in Section I of their opinions, and that the ALJ did not include all of those limitations in his hypothetical.  (Tr. 221-22, 256-57).  However, the relevant portion of the physicians' opinions is not Section I, which sets forth a series of "check the box" rankings, but Section III, which provides a detailed narrative functional capacity assessment.  *See* Program Operations Manual System DI 24510.060B (Mental Residual Functional Capacity Assessment).  Because Section I does not include the requisite level of detail to inform the ALJ's opinion, an ALJ need not address each of the Section I limitations.  *See, e.g., Andrews v. Astrue*, Civil No. SKG-09-3061, slip op. at *39 (D. Md. Oct.  25, 2011) (noting that "even if the ALJ had not explicitly addressed each of the mental function limitations appearing on Section I of the mental RFCA, he was not required to do so.").  The ALJ adequately addressed the limitations found in the state agency physicians' Section III RFCs.  (Tr. 223, 258).  The ALJ agreed with the state agency physicians that Ms. Livingston experienced moderate impairments in concentration, persistence, and pace.  (Tr. 15).  The ALJ adequately addressed that impairment by limiting Ms. Livingston to simple, unskilled work.  The ALJ disagreed with the state agency physicians as to Ms. Livingston's impairment in social functioning, but provided adequate analysis supporting his view. (Tr. 15).  Specifically, the ALJ cited to her ability to get along with her friends and her ability to get along with acquaintances from her church as support for the fact that her impairment was only mild in severity.  *Id.*  Because the ALJ's determination was supported by substantial evidence, there is no basis for remand.

Fifth, Ms. Livingston alleges that the ALJ failed to consider the full opinion provided by Dr. Kaplan.  In fact, however, the ALJ fully considered Dr. Kaplan's opinion. (Tr. 18-19).  The ALJ assigned his opinion little weight, citing the lack of treatment records in evidence, the inconsistency between his opinion and his assigned GAF score, and the inconsistency between his opinion and Ms. Livingston's medical records from Three Lower Counties.  *Id.*  The ALJ therefore relied on substantial evidence supporting his assignment of little weight to Dr. Kaplan's opinion.

Sixth, Ms. Livingston contests the ALJ's reliance on the Medical-Vocational Guidelines to establish her status as non-disabled.  As discussed above, substantial evidence supports the ALJ's RFC determination that Ms. Livingston could perform "simple, unskilled" work at all exertional levels.  The Medical-Vocational Guidelines only contain unskilled jobs requiring "little or no judgment" in the performance of "simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 416.968(a); 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(b) (stating that jobs in the Grids are unskilled).  Because the jobs listed in the Medical-Vocational Guidelines comported with the RFC properly determined by the ALJ, VE testimony was unnecessary.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 17) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 21) will be GRANTED.  The Clerk is directed to CLOSE this case.

*Karen Livingston v. Commissioner, Social Security Administration*
Civil No. SAG-10-2996
February 22, 2013
Page 4


  Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

              Sincerely yours,

                /s/

              Stephanie A. Gallagher
              United States Magistrate Judge